UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Mary K. McDonald, | ) | C/A No. 4:17-cv-01681-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Wyndham Resorts Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This case was removed from the Horry County Court of Common Pleas. The case number in state court was No. 2017-CP-26-02624. Plaintiff is a pro se litigant and, therefore, the case was referred to this magistrate judge for all pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.    Factual and Procedural Background

When Plaintiff, Mary K. McDonald, filed this case in Horry County, she did not provide a mailing address on her pleadings. Instead, she provided an e-mail address and a telephone number. ECF No. 1-1 at 1. Defendant included an address in Florence, South Carolina on the certificate of service for its removal Notice. ECF No. 1 at 4. Instead of filing an answer to the Complaint, Defendant filed a Motion to Dismiss. ECF No. 6. The *Roseboro* Order that was issued on July 6, 2017 and mailed to the Florence address was returned undeliverable.[1] ECF No. 14. When this court mailed its initial Order to Plaintiff at the Florence address on July 12, 2017, the Order was also returned by the post office as undeliverable. ECF Nos. 12, 15. Being unable to contact Plaintiff by

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

mail, out of an abundance of caution, the court called the telephone number that was on Plaintiff's state court filings in an attempt to obtain a mailing address for Plaintiff. On August 11, 2017, Plaintiff responded by telephone, indicating that she was in the process of obtaining a mailing address so that the court could send her the documents in this case. She was told that the court can only accept filings from pro se litigants by mail or in person. At that time, Plaintiff indicated that she was living in San Francisco, California and had no permanent mailing address. The last telephone communication the court had with Plaintiff was on August 15, 2017. ECF Nos. 17, 18.

On August 18, 2017, the court received a Motion for Hearing from Plaintiff which was mailed in an envelope with an address on Fifth Street in San Francisco, California. ECF No. 21. On the same day, the court used that San Francisco address to mail the initial Order, the *Roseboro* Order, and Defendant's Motion to Dismiss to Plaintiff. ECF No. 22. The August 18th mail was not returned to the court, thus it appears that Plaintiff received all three of the mailed documents.

On October 16, 2017, the Motion for Hearing was denied and the deadline for responding to the Motion to Dismiss was extended until November 16, 2017. ECF No. 24. The court mailed the Order denying the Motion to Plaintiff, as well as copies of all previously issued Orders and Defendant's Motion to Dismiss to Plaintiff at the San Francisco address. ECF No. 25. That mailing has now been returned undelivered and the time for Plaintiff to respond to the Motion to Dismiss has passed. There have been no further communications, either written or oral, from Plaintiff since August 18, 2017.

II. Discussion

The initial Order in this case makes it clear that a pro se litigant has an obligation to provide an up-to-date mailing address to the court. The Order reads:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

Plaintiff is aware of this requirement, having been told of it in telephone conversations with the Clerk's Office during August and having received this Order in the mail that was sent to San Francisco, California on August 18, 2017. However, Plaintiff has not provided the court with a good mailing address in over three months.

Plaintiff's failure to comply with this court's Order warning her of the need to respond with a good mailing address and the consequences of failure to respond subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*); *see also* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA, at 2 (D.S.C. Sept. 18, 2007) (requiring a plaintiff to bring a case into proper form or suffer dismissal without prejudice for failure to prosecute). The court should not allow a case such as this one to languish on the docket without participation by Plaintiff.

III. Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* for failure to comply with a court order and failure to prosecute this case in a timely manner. The parties'

attention is directed to the important information on the following page.

November 21, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).